SMITH, Justice:
This case involves proceedings by dissenting stockholders of Chicken Chef Systems, Inc., a Mississippi corporation, against Cal-Maine Foods, Inc., a Delaware corporation, under the Mississippi Business Corporation Act [Mississippi Code 1942 Annotated sections 5309-01 through 5309-317 (Supp.1971)], following the merger of Chicken Chef with Cal-Maine, the latter having become through the merger the “surviving corporation” within the meaning of the code chapter.
The suit was brought in the Chancery Court of the First Judicial District of Hinds County in the name of Maurice V. Duvic, a Chicken Chef stockholder, “acting by and on behalf of the Chicken Chef Systems, Inc., and all other stockholders similarly situated,” for the purpose of having that court determine the “fair value” of their Chicken Chef Systems, Inc., stock as provided by Mississippi Code 1942 Annotated section 5309-172 (Supp.1971). It is conceded that all conditions prescribed by the statute to be done precedent to the institution of the proceedings were properly done, the procedure set out in the statute duly followed, and that the single question before the chancellor was the determination of the fair value of the Chicken Chef stock. After a full evidentiary hearing, the court fixed the “fair value” of the Chicken Chef stock, to be paid by Cal-Maine to the dissenting stockholders, at $3.45 per share.
The only assignment of error on appeal is:
In establishing the value of the stock of the Chicken Chef Systems, Inc. as of June 22, 1970 at three dollars and forty-five cents per share ($3.45), the trial Court erred in that it failed to give proper weight and consideration to the various and sundry factors which should have been considered in establishing the value of said stock to the extent that the trial Court established a value, as aforesaid, substantially in excess of the fair value of said stock on June 22, 1970.
It is argued that the chancellor failed to take into consideration all or a sufficiency of the several factors affecting the value of the stock and that his decision is not supported by the evidence.
Since the question of fair value was purely factual, it was peculiarly within the province of the chancellor, as the trier of facts, to evaluate the evidence, resolve conflicts and to draw reasonable inferences from it. Viewing the evidence in the record, both oral and documentary, from that standpoint, and reading the chancellor’s opinion giving the basis of his finding, we are unable to say that it was not sufficiently supported by the evidence or that he was manifestly wrong. Consequently, the decree appealed from must be affirmed. Griffith, Mississippi Chancery Practice section 674 (2d ed. 1950) and authorities there cited.
Affirmed.
RODGERS, P. J., and BRADY, PATTERSON and SUGG, JJ., concur.